IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV8-03-MU

| | |
|---|---|
| MANOLA ORTEGA GOMEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| ALVIN KELLER, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 filed January 6, 2010 (Doc. No. 1); Respondent's Response and Motion for Summary Judgment filed February 8, 2010 (Doc. Nos. 4, 5 and 6); Petitioner's Opposition filed March 11, 2010 (Doc. No. 8); Petitioner's Motion for the Appointment of Counsel filed March 11, 2010 (Doc. No. 9); Respondent's Reply filed April 1, 2010 (Doc. No. 11); Petitioner's Reply filed April 16, 2010 (Doc. No. 12); and Petitioner's "Supplemental Respond" filed April 23, 2010 (Doc. No. 14.)

With respect to Petitioner's Motion for the Appointment of Counsel, such motion is denied as there is no constitutional right to counsel in proceedings under 28 U.S.C. § 2254. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949), cert. denied, 338 U.S. 950 (1950).

**I. PROCEDURAL BACKGROUND**

On August 10, 2007, Petitioner was convicted, after trial by jury, of attempted robbery with a dangerous weapon and assault with a deadly weapon. Judge Boner consolidated Petitioner's convictions and sentenced him to sixty-four to eighty-six months imprisonment.

1

Petitioner appealed and on October 21, 2008, the North Carolina Court of Appeals found no error in Petitioner's criminal judgment. State v. Gomez, 667 S.E.2d 341 (2008).

On September 8, 2009, Petitioner filed a motion for appropriate relief (MAR) and on October 9, 2009, the Honorable W. Robert Bell denied Petitioner's MAR.

On November 13, 2009, Petitioner filed a petition for writ of certiorari in the North Carolina Supreme Court seeking review of his criminal judgment entered in the Superior Court on August 10, 2007 and the North Carolina Court of Appeals' decision on direct appeal. On December 10, 2009, the North Carolina Supreme Court denied Petitioner's certiorari petition. State v. Gomez, 363 N.C. 746 (2009).

On December 4, 2009, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals seeking review of the Superior Court's order denying his MAR. On December 17, 2009, the North Carolina Court of Appeals denied Petitioner's certiorari petition.

Petitioner contends that he filed a second MAR on or about January 10, 2010. Curiously, Petitioner did not mention this second MAR in his § 2254 motion. He first mentioned the second MAR in his response to the State's Motion for Summary Judgment. The State contacted a clerk in the Mecklenburg County Superior Court who reviewed Petitioner's Superior Court case file and did not locate a second Mar filed on or about January 10, 2010. However, Petitioner has provided what he purports to be a copy of his second MAR as appendices 11 through 36.[1]

---

[1] The Court will not rely on the State's contention that Petitioner's claim that the prosecutor entered the jury room during deliberations is procedurally barred. Therefore, whether or not Petitioner filed a second MAR in state court is not relevant to this Court's analysis. The Court notes that Petitioner claims he did file a second MAR and also notes that the State has found no record of this filing.

Petitioner filed the instant habeas petition in this Court on January 6, 2010. Petitioner contends that: (1) the trial court erred in refusing to instruct the jury on "mere presence," despite there being evidence to support such an instruction; and (2) that his trial counsel was ineffective for (I) failing to order tests, such as DNA or fingerprint testing, to determine who held the shotgun involved in the crime; (ii) failing to conduct a background history of the shotgun; (iii) failing to perform a shotgun residue test; (iv) failing to move for a mistrial; and (v) failing to ensure that there was an interpreter at trial. Petitioner also contends that the prosecutor engaged in prosecutorial misconduct by entering the jury room during deliberations.

## II. FACTS

The North Carolina Court of Appeals summarized the facts underlying Petitioner's convictions as follows:

> The State's evidence tends to show that at approximately 3:15 a.m. on 12 December 2004, Amil Acar Bonilla, his wife, and daughter arrived in a pickup truck at their home in Charlotte. Two men wearing masks approached their truck. One man carried a handgun and the other man carried a shotgun. The man with the shotgun pointed it at Mr. Bonilla and stated, "Give me the money. Give me the money." Mr. Bonilla opened the door of the truck and grabbed the barrel of the shotgun, causing the gun to fire. Mr. Bonilla and both men then fell to the ground and fought. During the course of the struggle, Mr. Bonilla pulled off the mask of the man with the shotgun, who was later identified as Defendant. Meanwhile, a neighbor who heard the sound of a gun firing came to assist Mr. Bonilla. Together the neighbor and Mr and Mrs. Bonilla, wielding a handgun, held the man at bay while the daughter ran and knocked on neighbors' doors seeking help. The police arrived shortly thereafter and arrested defendant. The second masked man fled while Defendant was engaged in the struggle with Mr. Bonilla.
>
> Defendant gave a statement to the police in which he indicated that he was in the area because his car had broken down. Defendant stated that he approached the Bonilla family to seek a ride but they attacked him. At trial, Defendant did not testify; however, Defendant's wife testified that she sent Defendant at 11:00 p.m. to collect rent from a tenant and she did not hear back from him again until the next day when he called from the county jail. Defendant's wife testified that she then went to pick up his car, but had to call a

> tow truck to take it away because it would not start.
>
> At the close of all the evidence, Defendant requested the trial court instruct the jury that mere presence at the scene of a crime at the time of the commission does not make Defendant a principal in its commission. The trial court denied the request because Defendant failed to "present [] evidence that he was there, but didn't do anything."

Gomez, 667 S.E.2d 341 (2008).

### III. STANDARD OF REVIEW

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

4

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

## IV. ANALYSIS

**A.      Mere Presence Instruction**

Petitioner argues that the trial court committed plain error by failing to instruct the jury on "mere presence," despite there being evidence to support such an instruction. Petitioner is not entitled to any relief on this claim because it is not cognizable on federal habeas review.[2] "It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "Because a state trial court's evidentiary rulings and jury instructions turn on state law, these matters are usually beyond the scope of federal habeas review." Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004). Thus, a federal habeas court's review of allegedly erroneous jury instructions is limited to assessing whether the instruction "so infected the entire trial that the resulting conviction violates due process." Estelle, 502 U.S. at 67-68; Henderson v. Kibbe, 431 U.S. 145 (1977) (providing that state court jury instruction must render entire trial fundamentally unfair to warrant federal habeas relief); Cupp v. Naughten, 414 U.S. 141, 147 (1973) (same); Lewis v. Jeffers, 497 U.S. 764, 780 (to the extent a federal court may grant a writ based on jury instructions, it may only do so in extraordinary cases).

---

[2] The Court recognizes that a defendant does have a Fourteenth Amendment due process right to a fundamentally fair trial. However, here, Petitioner, beyond citing to the Fourteenth Amendment, does not establish how the trial court's failure to give the self-defense instruction was so grave as to have deprived him of that right.

As outlined in the North Carolina Court of Appeals decision, there was strong evidence indicating that Petitioner was more than merely present during the crimes. The North Carolina Court of Appeals denied the claim on the merits as follows;

> A court must give a requested instruction if it is a correct statement of the law and is supported by the evidence. State v. Rose, 323 N.C. 455, 458, 373 S.E. 2d 426, 428 (1988). When the trial court fails to give a requested instruction, the defendant on appeal "must show that substantial evidence supported the omitted instruction and that the instruction was correct as a matter of law." State v. Farmer, 138 N.C. App. 127, 133, 530 S.E. 2d 584, 588, disc. review denied, 352 N.C. 358, 544 S.E. 2d 550 (2000).
>
> Pursuant to the mere presence rule:
> A person is not guilty of a crime merely because he is present at the scene even though he may silently approve of the crime or secretly intend to assist in its commission; to be guilty he must aid or actively encourage the person committing the crime or in some way communicate to this person his intention to assist in its commission.
>
> State v. Goode, 350 N.C. 247, 260, 512 S.E. 2d 414, 422 (1999) (citation omitted). However, a defendant is not entitled to an instruction on mere presence where there is undisputed evidence that the defendant actively participated in the crime and thus could not have been "merely present." State v. Cheek, 351 N.C. 48, 74, 520 S.E. 2d 545, 560 (1999), cert. denied, 530 U.S. 1245, 120 S. Ct 2694, 147 L. Ed. 2d 965 (2000).
>
> In the present case, there was substantial evidence that Defendant was more than merely present at the scene of the crime,. Indeed, the record shows that defendant armed himself with a loaded weapon, pointed the weapon at Mr. Bonilla, and demanded money from Mr. Bonilla. During the course of the struggle between Defendant and Mr. Bonilla, Defendant's mask was removed, revealing his identity. Additionally, Defendant was identified by Mr. Bonilla's neighbor and the arresting officer as the armed individual. Although Defendant stated he approached Mr. Bonilla to ask for a ride, the evidence supports the conclusion that Defendant was an active participant, rather than a bystander, in the commission of the of the attempted robbery. Because Defendant failed to "show that substantial evidence supported the omitted instruction," Farmer, 138 N.C. App. At 133, 530 S.E. 2d at 588, we conclude the trial court did not err in refusing to give the instruction on mere presence.

Gomez,667 S.E.2d 341 (2008). Petitioner has not established that the Court's failure to give a

mere presence instruction was fundamentally unfair. Therefore, Petitioner's claim is not cognizable on federal habeas review.[3]

**B.      Ineffective Assistance of Counsel**

Petitioner contends that his trial counsel was ineffective because: (1) he failed to order tests, such as DNA or fingerprint testing, to determine who held the shotgun involved in the crime; (2) he failed to conduct a background history of the shotgun; (3) he failed to perform a shotgun residue test; (4) he failed to move for a mistrial; and (5) he failed to ensure there was an interpreter at the trial.

As an initial matter, Petitioner raised the substance of these ineffective assistance of counsel claim in his MAR and certiorari petition filed in the North Carolina Court of Appeals. (See Exs. 5 and 9 to Respondent's Motion for Summary Judgment). In denying relief, the MAR court concluded that the grounds for relief raised in the MAR could have been raised on direct appeal. This language properly states an application of North Carolina's procedural bar statute. See N.C.G.S. § 15A-1419(a)   Therefore it appears that Petitioner is not entitled to relief on his ineffective assistance of counsel claims because these claims are procedurally defaulted. Indeed,

---

[3] To the extent that this Court is incorrect in its conclusion that this claim is not cognizable on federal habeas review, Petitioner raised this issue on direct appeal and the state court adjudication on the merits of this claim is correct and is not contrary to, nor an unreasonable application of, the relevant Supreme Court law, i.e. Estell v. McGuire, and Henderson v. Kibbe. Furthermore, it is not based upon an unreasonable determination of the facts in light of the evidence presented in state court. Therefore, Petitioner's claim that the trial court committed error by failing to instruct on "mere presence" is alternatively denied pursuant to § 2254(d) and (e). See Bell v. Cone, 543 U.S. 447 (2005) (The federal habeas statute "dictate a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.") (internal quotations marks and citation omitted), Yarborough v. Alvorada, 541 U.S. 652 (2004) and Early v. Packer, 537 U.S. 3 (2002) (state court need not cite or even be aware of United States Supreme Court cases in order to obtain deferential standards of review).

the MAR court expressly applied North Carolina's mandatory, and adequate and independent, procedural bar statute in denying these claims and the others raised on Petitioner's MAR. See Nickerson v. Lee, 971 F.2d 1125, 1127 (4th Cir. 1992) ("A federal court may not address the merits of a habeas petition when the state court's denial of a petition for collateral relief rested on [an] independent and adequate state law ground of procedural default."), Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999); see also N.C.G.S. § 15A-1419(a)(1), (a)(3), & (b) (2007) (providing that claim shall be denied when defendant in adequate position to have raised it on appeal or in a prior MAR but did not do so, absent cause and prejudice or fundamental miscarriage of justice); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (concluding that North Carolina's post-conviction procedural bar statute of § 15A-1419 is now mandatory); Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998) (holding that section 15A-1419(a)(3) is an independent and adequate state procedural bar, precluding federal habeas review).

In an abundance of caution and to the extent Petitioner is not barred from raising these ineffective assistance of counsel claims on habeas review, the Court will also consider these claims on the merits.

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 687-91 (1984). In order to satisfy the performance prong, the Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. Of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). The prejudice prong is satisfied by showing that

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297, citing Hutchins, 724 F.2d at 1430-31. If the petitioner fails to meet this burden, a reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290, citing Strickland, 466 U.S. at 697. Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the petitioner can show that, but for counsel's performance, the outcome would have been different. Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998), cert. denied, 528 U.S. 855 (1999). Rather, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Id., quoting Lockhart v. Fretwell, 506 U.S. 364 U.S. 364, 369 (1993).

Here, Petitioner's ineffective assistance of counsel claims are conclusory and may be denied pursuant to Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim – or for that matter, on any claim, – a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing.").

Petitioner's first three ineffective assistance of counsel claims regarding the testing of the shotgun for fingerprints, DNA, residue and also the gun's history are conclusory in that Petitioner does not even allege what these various tests and gun history would reveal. With respect to the testing on the gun, the evidence at trial was that there was a struggle over the gun and that at one point the victim grabbed the barrel of the gun, causing the gun to fire. Gomez,

9

667 S.E.2d 341 (2008). Therefore, the testing Petitioner claims was not done on the weapon, likely would reveal DNA and fingerprints from the Petitioner and the victim. Moreover, if the gun went off when both men had their hands on the gun, both men may also have residue on their person. With respect to the gun history, Petitioner does not articulate what the gun history would reveal. Moreover, the Court notes that a person may own a gun that is possessed by another and vice versa. Additionally, Mr. Bonilla and his neighbor, Jeffrey Ernest, both identified Petitioner as being the suspect with the shotgun. (Ex. 12 to Respondent's Motion for Summary Judgment: trial transcript at 27, 34 and 100.) Petitioner was also apprehended at the scene of the attempted robbery, after having been wrestled to the ground with the shotgun. (Id. at 106-07.) In short, Petitioner does little more than list things he believes his attorney should have done. However, this list is conclusory and unsupported and he has not established either prong of the Strickland test with respect to his claims regarding the shotgun.

As his next claim for relief, Petitioner contends that his counsel was ineffective for failing to move for a mistrial. First, as stated above, it appears this claim is procedurally barred in that Petitioner raised a claim that his counsel was ineffective for failing to move for a mistrial in his MAR and such was denied. The MAR court concluded that the grounds for relief raised in the MAR could have been raised on direct appeal. Next, to the extent this claim is not procedurally barred, Petitioner does not specify upon what grounds his counsel should have made such a motion. Therefore, his claim is conclusory and unsupported and may be denied pursuant to Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).

As his last ineffective assistance of counsel claim, Petitioner contends that his counsel was ineffective for failing to ensure there was an interpreter at the trial. As previously stated, it appears that this claim, like Petitioner's other ineffective assistance of counsel claims, is

10

procedurally barred. Moreover, Petitioner has not established that he was in need of an interpreter. In fact, the record belies his claim. At trial, Petitioner participated in a colloquy with the trial court concerning his decision not to testify. (Ex. 12 to Respondent's Motion for Summary Judgment: trial transcript at 250-51.) This colloquy took place without the assistance of an interpreter and indicated that Petitioner understood the trial court's questions and gave appropriate and responsive answers. Moreover, the Court notes that in his petition for writ of certiorari filed in the North Carolina Court of Appeals, Petitioner indicated that he has been in the United States for thirty years which further belies his claim.

Petitioner's claim is conclusory and without support. Further, the record does not support his claim. Finally, Petitioner has not established either prong of the Strickland test.

**C. Prosecutorial Misconduct claim**

As his final claim for relief, Petitioner contends that the prosecutor went into the jury room during deliberations. In order to establish prosecutorial misconduct, Petitioner must show (1) the government's conduct was improper; and (2) the conduct prejudicially affected substantial rights so as to deprive defendant of a fair trial. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007). The Supreme Court had held that in order to rise to the level of a due process violation, "the prosecutorial misconduct must be of sufficient significance to result in the denial of the defendant's right to a fair trial." Greer v. Miller, 483 U.S. 756, 765 (1987).

In his habeas petition, Petitioner offers no facts or argument or any other evidence in support of this claim.[4] However, in response to this claim, the Respondent offers an affidavit

---

[4] The Court notes that in what Petitioner attached to his response as his second MAR, he claimed the following regarding his district attorney claim:
> The District Attorney even resorted to jury tampering. Now, let me say that it was about 3:00 p.m. or so, when the jury left the courtroom to go to the jury

from the prosecutor, Jeff Davis, stating that "[a]t no time during the trial did [he] enter the jury deliberation room and speak to the jurors. I would certainly never attempt to do this. During the course of the trial I never spoke improperly with any jurors. At that time, it was courthouse policy that lawyers would have no access to the hallways and areas where the jury deliberation rooms are located." Petitioner's conclusory claim is flatly contradicted by Mr. Davis' affidavit. Moreover, Petitioner was permitted to file responsive documents after he received Respondent's affidavit, however, in his various responsive documents, Petitioner did not provide any support for this claim nor did he, in any way, discredit Mr. Davis' affidavit. Petitioner's claim is wholly conclusory and without any factual support. Therefore, this claim will be dismissed. Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992).

## V. ORDER

**THEREFORE IT IS HEREBY ORDERED** that

(1) Petitioner's Motion for the Appointment of Counsel (Doc. No. 9) is **DENIED**;

(2) Respondent's Motion for Summary Judgment (Document No. 5) is **GRANTED;**

(3) Petitioner's § 2254 Motion (Document No. 1) is **DENIED** and **DISMISSED**.

(4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court

---

room. The judge and my lawyer got into a heated argument about some instructions. As shown on Tp 277, the jury returned to the courtroom for instructions on assault with a deadly weapon again. The jury left the courtroom again to deliberate. The judge got mad at the lawyer again. Tp. 278. It was during this time, the district attorney went into the jury room. After about five minutes, the district attorney came out. Well, it was no more than five minutes later, the jury came back to give their verdict. Tp. 279. There was no reason for the district attorney to have went in the jury room. The jury found me guilty only after the district attorney did what he did.).

(Doc. No. 8, attached second MAR.) The Court has reviewed the transcripts cited by Petitioner in support of this claim and notes that there is absolutely no suggestion from the transcript that the prosecutor entered the jury room.

declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

**SO ORDERED**.

Signed: May 19, 2010

Graham C. Mullen
United States District Judge